IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>            Plaintiff,<br><br>    v.<br><br>LYNN SIMMONS,<br><br>            Defendant. | No. C 12-4351 YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REFUND FILING FEE**<br><br>(Dkts. 11, 12, 13, 14) |

On August 17, 2012, this *pro se* federal civil rights action was opened because Plaintiff had filed a motion for leave to proceed *in forma pauperis* ("IFP").  Dkt. 2.

Also, on August 17, 2012, the Clerk of the Court noted that Plaintiff had not attached a complaint form to his IFP application and directed him to complete a civil rights complaint form within thirty days or his action would be dismissed.  Dkt. 1.  The Clerk sent Plaintiff a blank civil rights complaint form.

On September 11, 2012, Plaintiff filed a motion for an extension of time to file a complaint.  Dkt. 3.  At that time, the deadline for Plaintiff to file his complaint was September 17, 2012.  Plaintiff requested "30 extra days in order to file [his] complaint."  *Id.* at 1.  If Plaintiff's request had been granted, he would have been given a new deadline of October 17, 2012.  Instead, the Court waited until November 16, 2012 before issuing the next Order in this case.  Dkt. 5.  Thus, in essence, Plaintiff had actually been granted an extra *sixty* days to file his complaint.  On November 16, 2012, Plaintiff still had not filed a complaint; therefore, the Court dismissed the action for failure to file a complaint and denied the motion for an extension of time, presumably because it was moot at that point.  Dkt. 5 at 1.  The Court indicated that the dismissal was without prejudice, and that "[P]laintiff may move to reopen the action by filing a complaint."  *Id.*  The Court also granted Plaintiff's motion for leave to proceed IFP.  Dkt. 4.

Before the Court are Plaintiff's identical pending motions all entitled, "Motion to Reopen Action to Correct Inappropriate Fees Imposed."  Dkts. 11, 12, 13, 14.  The Court notes that Plaintiff has not moved to reopen the action by filing a complaint, as directed in its November 16, 2012

Order. Instead, Plaintiff claims that since this action was dismissed in 2012, he has been paying the $350.00 filing fee through periodic automatic withdrawals made from his prisoner trust account. Dkt. 14 at 1. Thus, Plaintiff claims that the action needs to be reopened in order for the Court to "order Corcoran State Prison [or the prison he is currently incarcerated in] to discontinue removing fees from [his] trust account and return the fees they have taken." *Id.* Because Plaintiff is not asking for the case to be reopened to pursue his claims (by filing a complaint), the Court construes his aforementioned motions as a motion to refund the filing fee.

Plaintiff misunderstands the nature of IFP status. The statute says that being granted IFP status waives *prepayment* of the filing fee. 28 U.S.C. § 1915(a)(1). It does not *forgive* the fee, however. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Section 1915(b)(1) says that prisoners are liable for the full fees, but so is every other person who proceeds *in forma pauperis*; all § 1915(a) does for any litigant is excuse the pre-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able."); *DeBlasio v. Gilmore,* 315 F.3d 396, 398 (4th Cir. 2003) (section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation).

When Plaintiff initiated this action by filing his IFP application, he became liable for the filing fee. The record shows that Plaintiff had, in fact, intended to commence a civil rights action because he requested for an extension of time to file his complaint. *See* Dkt. 3. Thus, Plaintiff had intended to file the instant civil rights action, he was granted leave to proceed IFP, and while this action was dismissed for failure to file a complaint -- the dismissal was *without prejudice*, and he was instructed that he could move to reopen by filing a complaint. The Court finds that there is no valid ground to refund the funds he paid toward the $350.00 filing fee in this action. Plaintiff's motion to refund the filing fee (Dkts. 11, 12, 13, 14) is DENIED. The case will remain closed unless Plaintiff chooses to move to reopen the action by filing a complaint. If he chooses to do so, he should explain the reasons why he delayed. This Order terminates Dkts. 11, 12, 13 and 14.

**IT IS SO ORDERED**.

DATED: September 25, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

P:\PRO-SE\YGR\CR.12\Campbell351.deny-WAIVEfee.wpd      2